JEWETT & COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39061. Promulgated April 27, 1931.

*Benjamin Mahler, Esq.*, for the petitioner.
*Ralph S. Scott, Esq.*, for the respondent.

OPINION.

MORRIS: The petitioner complains against the inadequacy of the deductions allowed by the respondent for depreciation and obsolescence of patterns. It contends that the deduction for 1924 should not be less than 10 per cent of the March 1, 1913, value of the pat-

terns, plus the cost of additional patterns acquired through 1923, plus one-half of the cost of additional patterns acquired in 1924, the amount of the deduction claimed being $12,523.29; and that the deduction for 1925 should not be less than 10 per cent of the March 1, 1913, value, plus the cost of subsequent additions through 1924, plus one-half of the cost of additions made in 1925, the amount of the deduction claimed being $12,706.87. The respondent defends on the grounds that the Board, in a prior proceeding, *Jewett & Co.*, 3 B. T. A. 854, involving the years 1919, 1920, and 1921, determined that the average useful life of the petitioner's patterns is 10 years, and the deduction for exhaustion, wear and tear and obsolescence should be computed upon the basis of 10 per cent of the cost, plus additions; that the Board's decision in that proceeding is *res adjudicata* of the matter as to all years, and its application in determining the amount of exhaustion, wear and tear and obsolescence which had taken place since March 1, 1913, completely exhausts, prior to the beginning of the taxable years, the value of the patterns on that date, as well as the cost of the 1923 and 1924 additions; and, consequently, that the petitioner is not entitled to recover anything more in 1924 and 1925 by way of deductions from gross income on account of said March 1, 1913, value and cost of 1923 and 1924 additions.

In view of the decision which we find it necessary to make because of the petitioner's failure of proof, it is unnecessary to discuss the matters raised by the respondent's defense. It is sufficient to say that they involve an erroneous application of the doctrine of *res adjudicata*.

The applicable provisions of the statutes authorize the deduction from gross income of a reasonable allowance for the exhaustion, wear and tear of property *used in the business*, including a reasonable allowance for obsolescence. Section 214 (a) (8), Revenue Acts of 1924 and 1926. The determination of such a reasonable allowance in respect of the petitioner's patterns must necessarily depend upon the cost of such patterns, or the March 1, 1913, value of any acquired prior to that date, as were on hand and useful in the business during the years in controversy, and the average useful life thereof. The record contains proof of the March 1, 1913, value of patterns on hand at that date and the cost of subsequent additions, and there is no controversy as to the average useful life of patterns used in the petitioner's business, to wit, 10 years. But this is not enough, for there is proof that not all of the patterns on hand at March 1, 1913, and subsequently purchased, were useful in the business during 1924 and 1925. The petitioner is not entitled to any depreciation allowance in respect of such patterns as previously were abandoned or discarded, and, hence, were not actually used in the business in the taxable years.

In the present state of the record it is useless to attempt even an approximation of the amount by which the basis for computing the allowance suggested by the petitioner should be reduced in order to eliminate therefrom the value of the patterns discarded prior to the taxable years. The president of the petitioner testified, in the first instance, that a great many of the patterns on hand at March 1, 1913, were used during 1924 and 1925. Later, after testifying as to numerous changes in design, type, and style of its products which occurred during the period 1916 to 1921, he testified that "those piles of unused patterns" began to accumulate in 1916 and developed more rapidly after that.

Lacking proof as to the value, as of the basic date, of those patterns which were used in the business during 1924 and 1925, we are unable to determine that the petitioner is entitled to any greater allowances for exhaustion, wear and tear, including obsolescence of patterns, than those determined and allowed by the respondent.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

MURDOCK concurs in the result only.

LOVE dissents.